**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| KATE CHINEMEREM NWANSI<br>KATE CHIAKA EJIMOFOR-NWANSI,<br><br>  Plaintiff,<br>  v.<br><br>BARRACK OBAMA, et al.,<br><br>  Defendants | No. C 13-2010 RS<br><br>**ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS, DISMISSING COMPLAINT WITH LEAVE TO AMEND, AND CONTINUING CASE MANAGEMENT CONFERENCE** |

Plaintiff seeks leave to proceed *in forma pauperis.* ("IFP"). In light of her showing of indigence, the IFP application is granted. Under 28 U.S.C. §1915, however, the Court has a continuing duty to dismiss any case in which a party seeks leave to proceed *in forma pauperis* if the Court determines that the action (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). As presently drafted, the complaint is without merit in that it fails to set forth a cognizable claim. Rule 8 of the Federal Rules of Civil Procedure provides that to state a claim, a pleading must contain, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief." The first part of this requirement—"a short and plain statement of the claim" —cannot be read without reference to the second part —"*showing* that the pleader is entitled to relief." The Supreme Court has made clear that while "showing" an

1 entitlement to relief does not require "detailed factual allegations," it does "demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Thus, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' [citation.] Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*.

Here, the complaint names as defendants Barack Obama, Michelle Obama, Bill Clinton, Hillary Rodham Clinton, Ronald Reagan, and George H.W. Bush. Plaintiff "charges" defendants with battery, false imprisonment, rape, child sexual abuse, negligent homicide, copyright infringement, vandalism, and crimes against humanity, among other things. Plaintiff seeks financial compensation in the amount of $100 trillion, various items of injunctive relief, and that capital punishment be imposed against defendants. The complaint contains no allegations of fact that would support any of these "charges" or the relief sought. Additionally, while it is not possible to discern the precise nature of all of the claims plaintiff may be intending to assert, it is clear that most if not all of her theories are untenable against any persons, much less against the persons she has named as defendants.

Accordingly, the complaint is dismissed. Although it appears extremely doubtful that the deficiencies in the complaint can be cured, in light of her *pro se* status, plaintiff will be given leave to amend. If plaintiff elects to amend, she must file an amended complaint no later than August 30, 2013. If no amended complaint is filed, the action will be dismissed without further notice. The initial Case Management Conference herein is continued to October 10, 2013 at 10:00 a.m.

IT IS SO ORDERED.

Dated: 7/24/13

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE